## PHŒNIX INSURANCE COMPANY OF BROOKLYN
### v.
### A. H. CARLOCK.

*Fire Insurance—Premium Note—Failure to Pay—Extension of Time —Waiver of Conditions—Evidence—Instructions.*

In an action brought to recover upon a fire insurance policy this court holds as erroneous an instruction given in behalf of plaintiff, the question involved being as to whether certain extensions of time for the payment of the premium note amounted to a waiver of conditions in the note and policy setting forth the necessity for the prompt payment thereof.

[Opinion filed November 23, 1889.]

APPEAL from the Circuit Court of McLean County; the
Hon. OWEN T. REEVES, Judge, presiding.

This was an action of assumpsit brought by appellee against
appellant on a policy of insurance, issued by appellant on the
dwelling house of appellee September 16, 1884, for $2,000,
which, among other conditions, contained the following:

"In case the assured fails to pay the premium note or order
at the time specified, then this policy shall cease to be in force
and remain null and void during the time said note or order
remains unpaid after maturity, and no legal action on the part
of this company to enforce payment shall be construed as reviv-
ing the policy. The payment of the premium note, however,
revives the policy and makes it good for the balance of its
term. No agent or employe of this company, or any other
person or persons, have power or authority to waive or alter
any of the terms or conditions of this policy, except only the
general agent at Chicago, Illinois, and any waiver or altera-
tion by him must be in writing."

At the time of receiving the policy appellee did not pay
any cash, but for the premium gave a note as follows:
"$62.50.

On the first day of October, 1885, for value received,
I promise to pay to the Phœnix Insurance Company, of Brook-
lyn, New York (at the First National Bank in Bloomington,
Illinois,) or order, sixty-two dollars and fifty cents in payment
of premium on policy No. 0,156,750 of said company. If this
note is not paid at maturity, said policy shall then cease and
determine and be null and void, and so remain until the same
shall be fully paid and received by said company. In case of
loss under said policy this note shall immediately become due
and payable, and shall be deducted from the amount of said
loss. It is understood and agreed that this note is not
negotiable.                        A. H. CARLOCK."

October 2, 1885, the note had not been paid, and appellee
wrote to T. R. Burch, appellant's general agent at Chicago,
asking for an extension of time to pay his note. In this

letter he says: "I would like to have the time extended for three months, if possible, in order to get my stock ready for market and grain sold." To that letter Mr. Burch replied as follows:

"October 10, 1885.

"A. H. CARLOCK, Oak Grove, Illinois:

"*Dear Sir*—Replying to yours of the 2d inst., we will say, that we have extended the time for payment of your note given for policy No. 0,156,750 until December 10, 1885. We must ask you to give it prompt attention at that time and see that it is paid without further notice, for we must have the money before January 1.

"Very respectfully yours,

"T. R. BURCH, General Agent."

May 13, 1886, the note, not being paid, was placed by appellant in the hands of Kerrick, Lucas & Spencer, attorneys, at Bloomington, for collection, and on that day they sent notice of such fact to appellee. May 17th appellee replied, and among other things said: "I hope to get a little time to get this money, at least two weeks, and three would be better if it could be granted. * * * I can get it in two weeks or three out of my hogs," etc.

To that Kerrick, Lucas & Spencer replied, May 18, 1886:

"A. H. CARLOCK, Oak Grove, Illinois:

"Two weeks will be in ample time."

July 15, 1886, appellee sent $50 to Kerrick, Lucas & Spencer which was credited on the note. In the letter inclosing the $50, appellee said: "I can settle it (the note) in full in eight or ten days, or not longer than two weeks."

To that, Kerrick, Lucas & Spencer replied:

"A. H. CARLOCK, Oak Grove, Illinois:

"*Dear Sir*—Your favor of July 15th containing $50 reached us to-day, and we have indorsed that amount on your note to the Phœnix Insurance Company. * * * We are willing to carry it for you for the next two weeks as you request."

August 19, 1886, Kerrick, Lucas & Spencer wrote to appellee:

"*Dear Sir*—Please arrange to pay the balance due the

Phœnix Insurance Company as soon as possible; we would like to close the matter up."

December 15, 1886, the balance of the note not being paid, Kerrick, Lucas & Spencer again wrote appellee: "You are hereby notified that your note in favor of Phœnix Insurance Company * * * is in our hands for collection. Please attend to the matter at once and save costs."

Appellee testified, and there was no testimony to the contrary : "I am the plaintiff; the loss of personal property was $175; that on the house about $1,600; the fire was the 13th of June, 1888."

No question was made, but proper notice of the fire was given to appellant. It was conceded that Mr. Burch was the general agent of appellant, but Kerrick, Lucas & Spencer were only "the attorneys for the defendants at that time for the collection of the note."

On that record the Circuit Court instructed the jury on behalf of appellee as follows: "The court instructs the jury, that if they believe, from the evidence, that the premium note of $62.50 was given by the plaintiff to the defendant in full consideration for the policy in evidence; and if the jury further believe, from the evidence, that at the time, or about the time of maturity of the said note, the defendant extended the time for the payment of the same until the 15th day of the following December, unconditionally ; and if the jury believe, from the evidence, that the defendant, by its agent, after the lapse of such extension, gave further extension of the time upon said note, then, in such case, the jury have a right to say that such acts of extension of time on said note constitute a waiver ·of the provision in the policy in relation to prompt payment of the note, and in such case the jury should find the issues for the plaintiff upon the question of waiver. And in case you find for the plaintiff, you will assess plaintiff's damages at what the evidence shows is due the plaintiff, less the balance due upon his note offered in evidence."

The jury returned a verdict of $974 in favor of appellee, upon which judgment was rendered.

I. C. R. R. Co. v. Miller.

Messrs. KERRICK, LUCAS & SPENCER, for appellant.

Messrs. TIPTON & BEAVER and W. B. CARLOCK, for appellee.

CONGER, J. We think the language of the instruction given for appellee was erroneous and misleading. It is too much to say to the jury that from the mere fact of appellant, or its agents, giving extensions of time for definite periods, that such extensions would constitute a waiver of the conditions in the note and policy in this respect.

The most that could be said would be that if from all the circumstances and the course of dealing between the parties as shown by the evidence, the jury believed, as a matter of fact, that appellee was reasonably justified in believing that the company did not intend to insist on the condition, and that appellee acted on such belief, that under such circumstances the condition might be considered as waived.

In other words, the extensions of time of payment can not be declared by the court, as a matter of law, to waive the condition in the note and policy, but they are circumstances which the jury may take into consideration in determining whether or not a waiver was intended by the parties.

For the error of giving this instruction the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remandd.*